**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1256
_____

YONG KANG LIN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-198-265)
Immigration Judge:  Honorable Susan G. Roy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 22, 2013
Before:  FISHER, GARTH and ROTH, <u>Circuit Judges</u>

(Opinion filed: May 23, 2013)
_____

OPINION
_____

PER CURIAM

Yong Kang Lin, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen. For the reasons that follow, we will deny the petition for review.

## I.

Lin unlawfully entered the United States with his wife in 2007.[1] The Department of Homeland Security ("DHS") issued him a Notice to Appear ("NTA") charging him with removability under the Immigration and Nationality Act ("INA"). He appeared in consolidated proceedings before the Immigration Judge ("IJ") with his wife, where he admitted the factual allegations in the NTA and conceded removability. Lin sought relief as a derivative of his wife's asylum application, which was based on a claim of forced abortion in China. The IJ denied his wife's application and ordered them removed to China. The BIA dismissed their appeal on November 26, 2009. (A.R. at 3-4.)

On June 22, 2012, Lin filed a motion to reopen and remand his removal proceedings, based on his practice of Christianity and a claim of changed country conditions. (A.R. at 492.) Specifically, he argued that "China has heightened its restriction of Christians" as part of the "crackdown" precipitated by the "Jasmine revolution" that took place in 2011. (A.R. at 496-97.) Lin also submitted documentary evidence in support of his motion, including his own affidavit, photographs, and letters

---

[1] Lin's wife is not a party to this case.

from friends and relatives in China and the United States.

The BIA denied the motion on January 4, 2013, finding that it was untimely and that Lin did not demonstrate that the changed country conditions exception applied to his motion.[2] In particular, the BIA relied on the State Department reports, noting that "[t]he evidence reflects that China currently allows the practice of Christianity," and gave little weight to the unsworn statements from Lin's friend and relatives, as they were "created for the purposes of litigation." (A.R. at 487-88.) Lin now seeks review of the BIA's decision denying his motion to reopen.

## II.

We have jurisdiction to pursuant to 8 U.S.C. § 1252(a) to review the BIA's denial of Lin's motion to reopen, and we apply the abuse of discretion standard to our review. See Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). The BIA's decision is entitled to "broad deference," Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (internal quotation marks and citation omitted), and "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (citation omitted).

With limited exceptions, a motion to reopen must be filed within ninety days of the date of entry of a final administrative order. 8 U.S.C. § 1229a(c)(7)(C)(i). It is undisputed that Lin's motion to reopen was untimely. (Pet'r. Br. at 5.) Therefore, to

---

[2] The BIA also declined to exercise its sua sponte authority to reopen. (A.R. at 488.)

3

circumvent that time limit, Lin had to provide material evidence of changed conditions in China that could not have been discovered or presented during the previous proceeding. 8 U.S.C. § 1229a(c)(7)(C)(ii). The burden of proof on a motion to reopen is on the alien to establish eligibility for the requested relief. See Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010).

Lin argues that the BIA "abused its discretion by declining to reopen" his case, "despite his submission of previously unavailable evidence and changed conditions in support of the motion." (Pet'r. Br. at 4.) However, Lin has not met his burden of proving that the BIA's decision was arbitrary, irrational, or contrary to law. Guo, 386 F.3d at 562. The evidence he provided in support of his motion, along with the State Department's country reports, demonstrated that China currently allows the practice of Christianity. (A.R. at 487.) Even though some underground church leaders were arrested, and other church members harassed, the BIA's conclusion that the evidence did not prove that Lin would "suffer mistreatment amounting to persecution upon his return to China" was well-founded. (Id. at 488.) We also agree that Lin's "individualized evidence" from China was of dubious value, as the unsworn statements were "created for the purpose of litigation" and of "essentially unknown reliability." (Id.) The only change in circumstance Lin could demonstrate was personal, given that his participation in Christianity began in 2012. That does not suffice to excuse the time limitation on his motion to reopen. Liu v. Att'y Gen., 555 F.3d 145, 151 (3d Cir. 2009). Because Lin did

4

not meet the standard set forth in § 1229a(c)(7)(C)(ii), the BIA did not abuse its discretion in denying his motion to reopen as untimely.[3]

III.

Because the denial of Lin's motion to reopen was not an abuse of discretion, <u>see</u> <u>Fadiga</u>, 488 F.3d at 153, we will deny.

---

[3] We have also considered Lin's argument that he has "demonstrated prima facie eligibility for refugee status" and find it to be without merit. (Pet'r. Br. at 14.)